UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| EUGENE HARRIS II, TENEKIA L. HARRIS, and ARTHUR OF THE FAMILY WITTENBERG,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORP. *et al.*,<br>Defendants. | No: 1:24-cv-00471 (MSN/LRV) |

## <u>ORDER</u>

Plaintiffs Eugene Harris II, Tenekia L. Harris, and Arthur of the family Wittenberg filed a complaint *pro se* against Defendants Freedom Mortgage Company ("FMC") and FMC Chief Financial Officer, Stan Moskowitz, requesting equitable relief regarding FMC's foreclosure of a property located at 4496 Dodds Mill Drive, Haymarket, VA 20169 ("the Property"). Plaintiffs allege that the foreclosure was illegal. ECF 1 ("Compl.") at 3. To that end, Plaintiffs are seeking an injunction against Defendants and a judgment to remove clouds from their title[1] to the Property, among other types of relief.[2] *Id.* at 5-6.

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for (1) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF 5 ("Mot. to Dismiss"). Concurrently, Defendants filed a Motion to Declare Plaintiffs Vexatious Litigants requesting that the Court award sanctions against Plaintiffs because their "history of repetitive and unsuccessful filings demonstrates a lack of good

---

[1] Plaintiffs do not provide any statutory bases for their claims. Presumably the request to remove clouds from the title is based in VA. CODE ANN. § 55.1-123 (2024), "Removal of a cloud on title."

[2] Plaintiffs also request that an attachment be levied against Defendants' property; a cancellation of instruments being used against them, presumably the mortgage agreement; and that FMC be required to respond to the filing under oath. Compl. 6.

faith and that their purpose is to harass" Defendants. ECF 8 ("Mot. to Declare Pls. Vexatious Litigants") at 10. Plaintiffs responded by filing a motion styled as a "Demand to Strike" Defendants' pleadings. ECF 12 ("Opp.").[3]

The motion has been fully briefed, and the Court finds that oral argument will not materially aid the decisional process. Upon consideration of the pleadings and for the reasons set forth below, the Court will **GRANT** the Motion to Dismiss for lack of subject matter jurisdiction and, alternatively, for failure to state a claim.

## I.    BACKGROUND

This action is the latest in a series of lawsuits over the Property. In 2019, a Virginia state court granted possession of the Property to the Secretary of the United States Department of Veterans Affairs ("VA") in an Unlawful Detainer[4] action against Plaintiffs ("2019 Unlawful Detainer").[5] *Sec'y of the U.S. Dep't of Veterans Aff. v. Harris*, No. CL19-6039, at *2 (Prince William Cty. Cir. Ct. Dec. 2, 2019). Plaintiffs subsequently filed an Action to Quiet Title against Defendants, which was dismissed with prejudice in 2022 ("Quiet Title"). *Wittenberg v. Freedom Mortg. Corp.*, No. CL21003745-00, at *1 (Prince William Cty. Cir. Ct. June 24, 2022). Later in 2022, FMC filed an Unlawful Detainer action against Plaintiffs over the Property, which was dismissed without prejudice ("2022 Detainer"). *Freedom Mortg. Corp. v. Harris*, GV22011069-00 (Prince William Gen. Dist. Ct. Dec. 12, 2022). FMC filed a second Unlawful Detainer action against Plaintiffs in 2023, and received a final order granting FMC immediate possession of the Property ("2023 Detainer"). *Freedom Mort. Corp. v. Harris*, No. CL23001802-00, at *1 (Prince William Cty. Cir.

---

[3] Given Plaintiffs' *pro se* status, the Court will treat this filing as a response in opposition to both of Defendants' motions.
[4] In Virginia, unlawful detainer is a civil action to "give possession [of a premises] to one from whom it is being unlawfully withheld." *Shorter v. Shelton*, 183 Va. 819, 827 (1945); *see* VA. CODE ANN. § 8.01-124 (2024).
[5] Defendants allege that the VA subsequently deeded the Property to FMC in May 2020. Mot. to Dismiss at 3.

Ct. Dec. 8, 2023).[6] In sum, there have been three final state court judgments rejecting Plaintiffs' claim to the Property: (1) the 2019 Unlawful Detainer action; (2) the 2022 Quiet Title action; and (3) the 2023 Unlawful Detainer action.

Plaintiffs have also brought claims relating to the Property against the VA and FMC in this Court, all of which were dismissed in 2023.[7] ECF 5-14 at 7.[8] The claims against FMC were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which precludes federal courts "from sitting in appellate review of state court judicial determinations." *Id.* The Court found that Plaintiffs' claims were barred by *Rooker-Feldman* because they would have required review of Virginia state court judgments. *Id* at 6.

The Court affirms the prior holding of this Court that the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction over Plaintiffs' claims. The Court additionally finds that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6). Accordingly, the Motion to Dismiss will be granted.

## II.   LEGAL STANDARDS

### A.  Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction and possess only the jurisdiction granted to them by the United States Constitution and federal statutes. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). When a district court lacks subject matter

---

[6] The Complaint refers to only two state court cases: the 2019 Unlawful Detainer action filed by VA against Plaintiffs, *Sec'y of the U.S. Dep't of Veterans Aff.*, No. CL19-6039, at *2; and the 2022 Unlawful Detainer Action filed against Plaintiffs by FMC, *Freedom Mortg. Corp.*, GV22011069-00. Plaintiffs failed to inform the Court of two other proceedings: Plaintiffs' Action to Quiet Title against Defendants, *Wittenberg*, No. CL21003745-00, at *1, and FMC's 2023 Unlawful Detainer action against Plaintiffs. *Freedom Mort. Corp.*, No. CL23001802-00, at *1. Pursuant to Fed. R. of Evid. 201(b)(2), the Court takes judicial notice of Virginia state court proceedings and dispositions.

[7] Plaintiffs failed to inform the Court of this prior federal lawsuit.

[8] Defendants' Motion to Dismiss includes this Court's Order from July 27, 2023, which dismissed all of Plaintiffs' claims against the VA and FMC. *Harris v. Farnsworth*, No. 1:22-cv-01378-CMH, ECF No. 44, at *7 (E.D. Va. July 27, 2023).

jurisdiction over an action, the action is subject to dismissal pursuant to Rule 12(b)(1). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006). When a Rule 12(b)(1) challenge is raised, the burden of proving jurisdiction is on the plaintiff, and the court "may consider evidence outside the pleadings." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A Rule 12(b)(1) motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, 855 F.3d 247, 251 (4th Cir. 2017) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

### B. Rule 12(b)(6) Failure to State a Claim

Dismissal under Rule 12(b)(6) is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted). Factual allegations "must be enough to raise a right to relief above the speculative level" but "detailed factual allegations" are not required to satisfy the pleading requirement of Federal Rule of Civil Procedure 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). Nor does the Court credit allegations which "offer only naked

5

assertions" devoid of further facts. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

### III.    ANALYSIS

#### A. Lack of Subject Matter Jurisdiction

Under the *Rooker-Feldman* doctrine, federal district courts cannot review or reverse state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Among federal courts, only the Supreme Court of the United States has the jurisdiction to "reverse or modify a state-court judgment." *Id.* at 283; *see* 28 U.S.C. § 1257. *Rooker-Feldman* also bars district courts from considering "claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (citations omitted).

The Court has previously found that consideration of Plaintiffs' claims would require "pass[ing] judgment on the Prince William County Circuit Court's findings in the [2019 Detainer action] as well as the Quiet Title Action."[9] *Harris*, No. 1:22-cv-01378 at *7. Because *Rooker-Feldman* bars such review of state court findings, the Court dismissed Plaintiffs' claims. *Id.*

Here, Plaintiffs once again ask the Court to determine the ownership of the Property. Plaintiffs request that the Court enjoin FMC's collection activities and "remove clouds" from the Property's title. Compl. at 6. Plaintiffs make no effort to address the *Rooker-Feldman* issues that led to the dismissal of their first complaint before this Court. Considering the same issues as before, the Court reaches the same conclusion. On three separate occasions, Virginia state courts have rendered final judgments regarding the ownership of the Property. A ruling for Plaintiffs would be

---

[9] Plaintiffs do not reference either the prior federal suit or the Quiet Title action in their Complaint. However, when determining whether it has subject matter jurisdiction, a court may consider evidence extrinsic to the complaint. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Therefore, for purposes of Rule 12(b)(1), the Court will consider Plaintiff's prior cases before this Court and Virginia state courts.

in direct conflict with those Virginia state court judgments. Therefore, the Complaint will be **DISMISSED WITH PREJUDICE** as Plaintiffs cannot overcome the *Rooker-Feldman* jurisdictional bar.

### B. Failure to State a Claim

Alternatively, Defendants move for dismissal under Rule 12(b)(6). Mot. to Dismiss at 14. Defendants argue that Plaintiffs fail to state a plausible claim for relief because they do not assert a valid cause of action and do not submit sufficient facts to support their claims.[10] *Id.*

As Plaintiffs are *pro se* litigants, the Court will liberally construe the Complaint. *See Gordon*, 574 F.2d at 1151. Read liberally, the Complaint alleges that Defendants: (1) illegally foreclosed on the Property; (2) have failed to satisfy requests made by state courts; and (3) have failed to respond to letters sent by Plaintiffs demanding evidence of the alleged debt. Compl. at 3-4. Even taken in the light most favorable to Plaintiffs, these facts are not sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, Plaintiffs allege that Defendants "claimed to have obtained Plaintiffs homestead through an illegal foreclosure sale." Compl. at 3. Plaintiffs provide no further explanation as to why the foreclosure sale was illegal. Without any further detail, the illegality of the foreclosure is a "legal conclusion couched as a factual allegation" which the Court is not bound to accept as true. *See Iqbal*, 556 U.S. at 678.

Second, Plaintiffs claim Defendants have delayed or failed to take action in two Virginia state court proceedings: (1) the 2019 Unlawful Detainer action and (2) the 2022 Unlawful Detainer

---

[10] Defendants also argue that the Complaint should be dismissed under the principle of *res judicata*. Mot. to Dismiss at 11. A motion to dismiss tests "the legal adequacy of the complaint" and not "the merits of any affirmative defenses." *Richmond, F. & P. R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Therefore, on a motion to dismiss, res judicata may only be raised against allegations which "clearly appear[] on the face of the complaint." *Id.* Given the lack of clear factual allegations within the Complaint, the Court is unable to consider *res judicata* at this stage.

action. Compl. at 3. Plaintiffs' descriptions of the proceedings do not accord with Virginia state court records.[11] *See id.* Even if taken as true, Plaintiffs' descriptions of these cases do not give rise to a claim in federal court. If it is the case that Defendants have "failed or refused" to satisfy state court requests, *id.*, that would be a matter for a state court to address. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (affirming the "longstanding policy against federal court interference with state court proceedings").

Finally, Plaintiffs have submitted postal records of three notices sent to Defendants requesting a full accounting of their alleged debt. *Id.* at 4; Pl. Ex. B. In the notices, Plaintiffs informed Defendants that under the "mailbox rule" a failure to respond would constitute a "conditional acceptance" and Plaintiffs' debt would be considered "paid in full." Pl. Ex. B. Defendants did not respond. Compl. at 5. This final allegation does not plausibly suggest a legal claim. *See Harrison*, 840 F.2d at 1152. Plaintiffs rely on common law authority for the "mailbox rule," but misapply the principle. The "mailbox rule" applies to mailed acceptances, not mailed offers, and is inapt here. *See* Restatement (Second) of Contracts § 63 (Am. Law. Inst. 1981). Under common law, a contract offer cannot be accepted through silence, excepting a few uncommon circumstances not at issue here. *See id.* at § 69. Nor do Plaintiffs raise a provision of federal law or relevant state law which would allow a party to unilaterally create a contract by unanswered mail.

The Court need not accept Plaintiffs' unreasonable legal arguments or conclusions. *See Kloth*, 444 F.3d at 319. Plaintiffs have failed provide enough facts to state a plausible claim for

---

[11] The Court may consider documents "incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Plaintiffs appear to allege that the 2019 Unlawful Detainer action was never resolved. Compl. at 3. However, state court records show that the suit was subject to a final judgment granting the VA possession of the Property. *See Sec'y of the U.S. Dep't of Veterans Aff.*, No. CL19-6039, at *2. Furthermore, Plaintiffs describe the 2022 Unlawful Detainer as being "adjudicated on the merits" against FMC, Compl. at 3, when it was in fact dismissed without prejudice. *See Freedom Mortg. Corp.*, GV22011069-00 at *1.

relief. *See Twombly*, 550 U.S. at 570. Therefore the Complaint is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).[12]

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to enter judgment in favor of Defendants pursuant to Rule 58 and to close this civil action.

It is **SO ORDERED**.

/s/

Alexandria, Virginia                                      Hon. Michael S. Nachmanoff
June 21, 2024                                        United States District Judge

---

[12] Defendants filed a Motion to Declare Plaintiffs Vexatious Litigants (ECF 8). While the Court finds Plaintiffs' conduct in filing this lawsuit inappropriate in light of the history of litigation between the parties, the Court will not impose sanctions at this time; however, the Court notes Plaintiffs' history of meritless litigation and the state court's award of sanctions against Arthur Wittenberg (going by "Arthur of the family Wittenberg" in the present action) arising from the 2022 Quiet Title action. Wittenberg, No. CL21003745-00, Order (Oct. 7, 2022) (finding Wittenberg's motions were intended to "harass, cause unnecessary delay, and needlessly increase the costs of litigation"). The Court further notes that Plaintiffs failed to accurately disclose their full litigation history. *See supra* nn.6, 7 & 11. Accordingly, the Court admonishes Plaintiffs that further repetitious and frivolous filings may result in sanctions, including the entry of a pre-filing injunction and the award of attorney's fees. *See Jones v. Austin*, No. 3:22-cv-118, 2024 WL 920051, at *10-11 (E.D. Va. Mar. 4, 2024) (cautioning plaintiff that "future frivolous, harassing, or duplicative filings or lawsuits . . . may result in a show cause order as to why a court should not issue sanctions"); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004).